IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Herman Elliott, a/k/a Herman Elliott, Jr., ) | | Case No. 0:17-cv-03407-DCC |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| United States of America, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

This matter is before the Court on Plaintiff's Complaint and Supplement. ECF Nos. 1, 21. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On July 30, 2018, Defendant filed a Motion to Dismiss. ECF No. 38. Plaintiff filed a Response in Opposition. ECF No. 46. On September 10, 2018, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted. ECF No. 51. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts and the relevant legal standards, which the Court incorporates by reference. Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, 1346(b), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge recommends granting Defendant's Motion with respect to both claims. The Court will address Plaintiff's objections in turn.

***FTCA***

The Magistrate Judge recommends dismissal of Plaintiff's FTCA claim because federal prisoners cannot recover under the FTCA for work-related injuries. She states that the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, provides the exclusive remedy for Plaintiff's injury and any claim for negligence resulting from the injury. ECF No. 51. Plaintiff does not object to the Magistrate Judge's conclusion, but instead states that he attempted to raise a claim under the IACA in a supplemental filing to the Court in August 2018. After a thorough review of the record, the Court believes

2

that Plaintiff is referring to his Response in Opposition to the Motion to Dismiss. As Plaintiff's Complaint is devoid of any reference to the IACA, it appears this is a new claim raised in response to the Motion to Dismiss.[1] Such claims are generally not permitted. *See White v. Biomed. Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992). Accordingly, this Court lacks jurisdiction to adjudicate Plaintiff's FTCA claim. *Walker v. Reese*, 364 F. App'x 872, 876 (5th Cir. 2010) ("Because the IAC system is Walker's exclusive remedy against the Government, the court lacks jurisdiction to adjudicate his FTCA claim.").

**Bivens**

The Magistrate Judge recommends dismissal of Plaintiff's *Bivens* claims because he fails to specifically name any individual staff members amenable to suit. ECF No. 51 (citing *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.")). In hjis objections to the Report and Response in Opposition to the Motion to Dismiss, Plaintiff contends that he intended to name additional individuals in his Complaint. The Court notes that Plaintiff failed to file a motion to amend his complaint. Accordingly, no individual defendant has been named or served in this case[2]; any claim pursuant to *Bivens* should be dismissed.

---

[1] It appears that Plaintiff was informed that the IACA was his exclusive remedy at least on August 7, 2017. ECF No. 1-1 at 2. Nevertheless, he chose to file this action under the FTCA.

[2] The Court notes that Plaintiff was given four opportunities to provide additional information and service documents. ECF Nos. 5, 10, 18, 27.

## **CONCLUSION**

Therefore, based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. Defendant's Motion to Dismiss [38] is **GRANTED**.

    IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

February 13, 2019
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.